**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

VINCENT LOPEZ,            :      **CIV. NO. 18-9516 (RMB)**
                                    :
         Plaintiff     :
                                    :
    v.                             :          **OPINION**
                                    :
MS. DYKES, *et al.*,           :
                                    :
                                    :
         Defendants     :

**BUMB**, DISTRICT JUDGE

Plaintiff Vincent Lopez was confined in the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix") at the time he filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 402 U.S. 388 (1971).[1] Plaintiff filed an application to proceed *in forma pauperis* ("IFP" ECF No. 1-1), which the Court denies without prejudice because Plaintiff did not submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint … obtained from the appropriate official of each prison at which the prisoner is or was confined" as

---

[1] According to the Bureau of Prison's Inmate Locator, Plaintiff is presently confined in a residential reentry center, RRM New York, 100 29th Street, Brooklyn, NY 11232, with a release date of February 7, 2019. Available at ttps://www.bop.gov/inmateloc/

required by 28 U.S.C. § 1915(a)(2). The Court will administratively terminate this matter, but Plaintiff will be permitted to reopen if he timely submits his certified trust account statement.

When a prisoner is permitted to proceed without payment of the filing fee, 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review a complaint in a civil action and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, Plaintiff's complaint is frivolous.[2]

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering

---

[2] This Court's conclusive screening of Plaintiff's claims is reserved until he obtains *in forma pauperis* status. See Izquierdo v. New Jersey, 532 F. App'x 71, 72-73 (3d Cir. July 25, 2013) (district court may decide whether to dismiss the complaint under 28 U.S.C. § 1915(e)(2) after leave to proceed IFP is granted).

2

why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If

3

a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. <u>The Complaint</u>

    Plaintiff describes himself in the complaint as follows:

> Vincent Lopez is the aggrieved Citizen plaintiff (hereinafter "PLAINTIFF") who is a natural born Citizen of the United States and citizen of the State of New York by permanent domicile injured in the unlawful exiling from all citizenship of the United States and civil rights that are the privileges and immunities of Citizenship by defendants' unlawful involuntary expatriation captivity within the political subdivision for and/or that is Joint Base McGuire-Dix-Lakehurst (also known as: "JOINT BASE, MDL, [Zip Code:] 08640") within State of New Jersey under color of that State's law(s) authorizing permanent incarceration of Undocumented Criminal Aliens for deportation by U.S. Attorney General.

(Compl., ¶7.) Plaintiff's allegation that he is a natural born citizen of the United States suggests that he is not in fact detained as a criminal alien for deportation.

    Plaintiff states, verbatim, that Ms. Sykes an employee at FCI Fort Dix,

> under color of State of New Jersey law, unlawfully, willifully, deliberately, knowingly or who should have known, also maliciously, with malice aforethought to use

4

> terrorism and shock and fear in furtherance of unlawful human trafficking involuntary servitude labor captivity of plaintiff life and private human labor for Others' debts owed and transacted sole[l]y by esoteric# -053 encrypted MORTGAGE ACCOUNT within State of New Jersey in service to or agency for out of State criminal Human Trafficking Enterprised based within the State of New York at the City of New York, and with total indifference and gross negligence under well established Federal Constitutional laws of 14th. Amendment grant of citizenship of the United States and privileges thereof to non-White people of the United States and the 13Th Amendment outlawing use of State of New Jersey's coercive police Powers to enforce private human trafficking of out of State citizens for involuntary servitude labor that pays and satisfy performance for Others' debts and indebtedness owed unidentified but identifiable private Creditor(s), unlawfully under color of State's law by lies, tricks, deception, deceit, and torture of arbitrary captivity in Sensory Deprivation Isolation Cells to compel plaintiff involuntary expatriation captivity with and as to Undocumented Criminal Aliens incarcerated by State of New Jersey under federal funding via Immigration And Naturalzation Act.

(Compl., ¶¶8.)

Defendant described Defendant Mr. Grimes as "the defendant who:"

> under color of State of New Jersey law for incarceration of Undocumented Criminal Aliens under Federal funding paying States' correctional cost pursuant Immigration And Naturalization Act, knowingly unlawful or should have known unlawful, willfully, unlawfully, deliberately, maliciously with

5

> malice aforethought, with gross negligence,
> deliberate indifference used personally and
> directly and/or caused to be used the full
> coercive police Powers of the State of New
> Jersey assigned or vested for the permanent
> incarceration of undocumented criminal alien
> inmates at or within JOINT BASE MDL, 08640, to
> compel plaintiff to involuntary expatriation
> captivity as to and with State's incarcerated
> undocumented criminal alien inmate Population
> and subjugate plaintiff to involuntary
> servitude labor for Others debts registered to
> and/or assigned under # -053 MORTGAGE
> ACCOUNTS' private commerce that sustain out of
> State human trafficking ring trafficking
> plaintiff victim for sale and/or lease under
> involuntary servitude labor that satisfy
> Others' debts and exile out of State citizens
> from all Citizenship of the United States
> within the State of New Jersey in violation of
> and repudiation of the civil rights vested in
> non-White citizens under the 14th and 13th
> Amendments and Federal Bill Of Rights
> applicable thereby.

(Compl., ¶10.)

Plaintiff describes the incident that appears to have prompted the filing of this action.

> Defendant Ms Dykes did in April of 2017 solely
> with the intent and to, as stated fully in
> paragraph 8, issued by loud speaker a
> unilateral Command for plaintiff to without
> notice immediately appear in a private Office
> on Joint Base, McGuire-Dix-Lakehurst in alien
> inmates Barracks wherein defendant Ms Dykes
> did lie, deceive, trick, and fraudulently and
> deliberately mislead plaintiff with knowingly
> false statements, to wit: declared to
> plaintiff that the independent Government of
> THE FEDS has decided that after approximately
> 29 years of enforcing involuntary expatriation
> captivity against plaintiff with and as to

foreign born undocumented criminal alien inmates it is now decided that plaintiff should be repatriated back to his natural born Citizenship of the United States, and allowed to return to living in plaintiff's home State of New York.

Defendant Ms Dykes as fully stated in paragraph 8 knew fully her statements were a complete lie and fabrication of her own design and knew fully and absolutely that there is not now and have never been in the entire history of United States as a Nation a secret or otherwise independent Government of THE FEDS.

This lie, deception, trickery, and use of this State of New Jersey's exclusive coercive police Powers as used plaintiff by defendant Ms Dykes solely served her and the out of State of New Jersey human trafficking ring originally, almost 29 years ago, using kidnapping and secret private commercial debt and debt collection transactions within City of New York, N.Y., before trafficking plaintiff's chained body to State of New Jersey under color of the law for state force to incarcerate undocumented criminal aliens for federal funding law The Immigration And Naturalization Act, as means of keeping plaintiff in a perpetual condition of terror and fear of arbitrary and swift violent reprisals by Staff of independent Government of THE FEDS for even the slightest resistance to accepting Ms. Dykes pronouncements as the very law of this Government of THE FEDS.

(Compl., ¶¶18-20.)

B. <u>Frivolous Claims</u>

A court may dismiss a claim as factually frivolous if the facts alleged are clearly baseless, in other words, fanciful,

7

fantastic, and delusional. Denton v. Hernandez, 504 U.S. 25, 32–33 (1992) (quotations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id.

It appears to this Court that Plaintiff has been incarcerated for 29 years for committing a federal crime, and Plaintiff does not recognize the existence and power of the federal government. According to the BOP inmate locator, *supra* n. 1, Plaintiff has been transferred to a residential reentry center and is due to be released in February 2019. The Court cannot discern any plausible claims in the complaint.

If Plaintiff chooses to reopen this case by paying the filing fee or submitting a properly completed IFP application, he should be aware that the Court would dismiss the complaint as frivolous, and Plaintiff would forfeit the filing fee unless he can file an amended complaint that plausibly states a cause of action.

III. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's IFP application without prejudice. The Court will administratively terminate this action subject to reopening by Plaintiff if he

8

timely pays the filing fee or submits a properly completed IFP application pursuant to 28 U.S.C. § 1915(a)(2).

An appropriate order follows.

DATE: October 31, 2018

>s/Renée Marie Bumb
>RENÉE MARIE BUMB
>United States District Judge